Ms. Alice Huffer City Clerk City of Palm Bay
QUESTION:
May the governing body of a municipality adopt a resolution by reading such resolution by title only or must such resolution be read in full?
SUMMARY:
Unless an ordinance or charter provision adopted subsequent to October 1, 1973, provides otherwise, no reading of a resolution is required by the terms of s. 166.041, F.S., for the valid adoption of a municipal resolution; resolutions may (but are not required to) be read by title only.
Section 166.041, F.S., establishes a uniform procedure for the adoption and enactment of municipal ordinances and resolutions.See, e.g., AGO's 076-197, 075-173 and 074-371. The Municipal Home Rule Powers Act, part I, ch. 166, F.S., provides that any limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, except for those subject matters enumerated in s. 166.021(4), F.S., `is hereby nullified and repealed.' Section 166.021(4), F.S. This office has recently opined that the reading requirements for the enactment of a municipal ordinance contained in a charter do not fall within the several exceptions specified in s. 166.021(4), and that therefore, the procedural requirements for legislative or ordinance-making action of the governing body of a municipality are governed by the provisions of s. 166.041, F.S. See AGO 081-32. Further, subsection (6) of s. 166.041, F.S., provides:
 The procedure as set forth herein shall constitute a uniform method for the adoption and enactment of municipal ordinances and resolutions and shall be taken as cumulative to other methods now provided by law for adoption and enactment of municipal ordinance and resolutions. By future ordinance or charter amendment, a municipality may specify additional requirements for the adoption or enactment of ordinances or resolutions or prescribe procedures in greater detail than contained herein. However, a municipality shall not have the power or authority to lessen or reduce the requirements of this section or other requirements as provided by general law.
Thus, the reading requirements contained in s. 166.041, F.S., constitute the minimum, mandatory procedures for the adoption of resolutions which cannot be lessened or reduced by a municipality. And unless additional or more stringent requirements for the adoption of resolutions are specified by an ordinance or charter amendment adopted subsequent to the effective date of s. 166.041, F.S., October 1, 1973, the requirements set forth therein are the minimum requirements necessary for the valid adoption of a resolution.
A resolution is defined by s. 166.041(1)(b), F.S., to mean `an expression of a governing body concerning matters of administration, an expression of a temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body.' This is consistent with the general statement contained in 62 C.J.S. MunicipalCorporations s. 411: `A resolution has also been distinguished from an ordinance in that an ordinance is a continuing regulation, a permanent rule of conduct or government, while a resolution ordinarily is an act of a special or temporary character, nor prescribing a permanent rule of government, but is merely declaratory of the will or opinion of a municipal corporation in a given matter, and in the nature of a ministerial or administrative act, and is not a law.'
Subsection (2) of s. 166.041, F.S., sets forth the minimum requirements for the passage of a resolution. `Each . . . resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith. The subject shall be clearly stated in the title.' These are all the requirements provided by s. 166.041, F.S., necessary for the valid adoption of a municipal resolution. Subsection (3)(a) of s.166.041, F.S., sets forth the reading requirements for an ordinance but no reading is required for the valid adoption of a resolution.
Prepared by: Craig Willis, Assistant Attorney General